UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY LOYD, | No. 2:18-cv-1867-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. CLARK KELSO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, seeks leave to proceed in forma pauperis. ECF Nos. 2 & 5.

### Application to Proceed In Forma Pauperis

Plaintiff's application and prisoner trust fund account statement make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

2

*Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## Screening Order

Plaintiff alleges that, for the last twenty-three months, he has been denied adequate treatment for his Hepatitis-C. ECF No. 1 at 5. He claims that defendants Salahuddin Abdur-Rahman and Rafael Miranda, both primary care providers at High Desert State Prison ("HDSP"), both denied his requests for treatment. *Id.* The former claimed that plaintiff's requested treatment was too expensive; the latter told plaintiff that he was not sick enough to warrant treatment. *Id.* Plaintiff claims that, as the months passed without treatment, he suffered: (1) aches in his muscles and joints; (2) throbbing pain in his back; and (3) chronic fatigue. *Id.* at 6. The court concludes that plaintiff's deliberate indifference claims against Abdur-Rahman and Miranda are cognizable and should proceed past screening.

Plaintiff's claims against the remaining defendants, however, will be dismissed with leave to amend. He has named various supervisory defendants – J. Clark Kelso (appointed by a federal court to manage medical care in California Prisons), Marrion E. Spearman (warden of HDSP), and Todd Murray (CEO of California Correctional Health Care Services at HDSP). *Id.* at 3-4. Plaintiff does not allege that any of these defendants were directly involved in or had any knowledge of deficiencies in his treatment. Further, there is no *respondeat superior* vicarious liability under section 1983. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

## Leave to Amend

Plaintiff may either proceed with his Eighth Amendment medical deliberate indifference claims against defendants Abdur-Rahman and Miranda, or he may elect to file an amended complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also

3

include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Preliminary Injunctive Relief

The court notes that, in his requested relief, plaintiff seeks a "preliminary and permanent injunction" ordering the named defendants to provide him with Hepatitis-C treatment. ECF No. 1 at 10. Then, subsequently, he filed a separate a motion for preliminary injunction. ECF No. 7. The Supreme Court has held, however, that a claimant seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). Plaintiff has failed to establish any of the foregoing factors. Indeed, he has made no attempt to address any of them – either in his complaint or his motion. Thus, plaintiff's request for preliminary injunctive relief should be denied without prejudice to resubmission of a properly supported motion at a later time.

## Conclusion

It is, therefore, ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's allegations are sufficient to state cognizable Eighth Amendment deliberate indifference to medical needs claims against defendants Abdur-Rahman and Miranda. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint;

4. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the July 2, 2018 complaint, two forms USM-285, and instructions for service of process on defendants Abdur-Rahman and Miranda. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the endorsed amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure; and

5. Plaintiff is cautioned that failure to comply with this order may result in dismissal of this action for failure to prosecute.

/////

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 7) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 13, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY LOYD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. CLARK KELSO, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-1867 EFB P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the Eighth Amendment claims against defendants Abdur-Rahman and Miranda and submits the following documents:

　　　　\_\_1\_\_　　completed summons form

　　　　\_\_2\_\_　　completed forms USM-285

　　　　\_\_3\_\_　　copies of the July 2, 2018 complaint

OR

(2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated: