UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL RAY LOYD,

    Plaintiff,

v.

J. CLARK KELSO, et al.,

    Defendants.

No. 2:18-cv-1867-MCE-EFB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 14, 2019, the court determined that, for screening purposes, plaintiff had stated viable Eighth Amendment claims for deliberate indifference to serious medical needs against defendants Abdur-Rahman and Miranda. ECF No. 10 at 5. Service has been directed for these defendants (ECF No. 15), but neither has yet filed an answer to this action. Pending before the court, however, is plaintiff's motion for preliminary injunction. ECF No. 13. For the reasons stated hereafter, it must be denied.

### Legal Standard

A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

1

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

## Analysis

As a threshold matter, plaintiff's motion is not explicit as to what specific injunctive relief he seeks. The court can only infer, from the motion's repeated references to the necessity of Hepatitis-C treatment (ECF No. 13 at 2-3), that he seeks an injunction directing one or more defendants to provide some form of Hepatitis treatment. But plaintiff does not specify precisely what treatment steps he would have this court order. This alone is reason to deny the motion, insofar as it cannot be determined whether the motion is "narrowly drawn" and the least intrusive means of remedying the issues plaintiff complains of. *See* 18 U.S.C. § 3626(a)(1)(A) ("Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.").

More fundamentally, despite plaintiff's conclusory arguments to the contrary, the court cannot find either that he is likely to succeed on the merits or that he will be irreparably harmed in the absence of a preliminary injunction. With respect to the likelihood of success, plaintiff offers only that "it is very clear that defendants violated the plaintiff's Eighth Amendment [rights]" and "[t]his case is the definition of deliberate indifference to a medical need." ECF No. 13 at 1.

/////

2

These are legal conclusions, unsupported by case law or factual allegations. And the bar is high where, as here, plaintiff seeks an order that does not merely maintain the status quo pending litigation, but directs defendants to take some affirmative action. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) ("As we have cautioned, a mandatory injunction 'goes well beyond simply maintaining the status *quo pendente lite* [and] is particularly disfavored.'") (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)).[1] Nor does plaintiff offer any evidence that irreparable harm will befall him in the absence of injunctive relief. He reiterates the allegations from his complaint – that his Hepatitis has been inadequately treated for many months, that he suffers chronic aching as a result of that lack of treatment, and "it may soon be too late" if this court does not order treatment because "know (sic) one knows how fast Hep. C can progress!" ECF No. 13 at 3. But these claims are not medical evidence and they are insufficient to support a mandatory injunction.

## Conclusion

For the foregoing reasons, it is RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 13) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court in *Garcia* defined a mandatory injunction as one that orders a responsible party to "take action." 786 F.3d at 740.

3